**XUE XIONG CHEN, Petitioner,**

v.

**Michael B. MUKASEY, United States Attorney General, Respondent.**

No. 08–0170–ag.

United States Court of Appeals, Second Circuit.

Nov. 12, 2008.

PRESENT: Hon. JOSEPH M. McLAUGHLIN, Hon. GUIDO CALABRESI, Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Xue Xiong Chen, a native and citizen of the People's Republic of China, seeks review of the December 27, 2007 order of the BIA denying his motion to reopen. *In re Xue Xiong Chen*, No. A73 594 118 (B.I.A. Dec. 27, 2007). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion, mindful of the Supreme Court's admonition that such motions are "disfavored." *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006) (citing *INS v. Doherty*, 502 U.S. 314, 322–23, 112 S.Ct. 719, 116 L.Ed.2d 823 (1992)). An alien seeking to reopen proceedings must file a motion to reopen within 90 days of the issuance of a final administrative order of removal. *See* 8 C.F.R. § 1003.2(c)(2). This limitation, however, does not apply when the motion to reopen is filed in order to apply for asylum or withholding of removal "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would

not have been discovered or presented at the previous hearing." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3)(ii).

Here, it is undisputed that Chen's July 2007 motion was untimely where the BIA issued a final order of deportation in February 1997. Moreover, the BIA properly found that Chen's motion did not qualify for an exception to the time limitation. *See* 8 C.F.R. § 1003.2(c)(3)(ii). It is well-settled that a change in personal circumstances, such as Chen's recent involvement with the China Democracy Party ("CDP"), is not evidence of changed conditions in China. *See Wei Guang Wang v. BIA*, 437 F.3d 270, 273–274 (2d Cir.2006). Furthermore, the BIA reasonably found that although Chen presented "evidence . . . that some CDP members in China have been prosecuted" for engaging in pro-democracy activities in China, such evidence "fail[ed] to legitimate his claim that CDP members returning to China from the United States are persecuted for political reasons based on their membership in the CDP in the United States." Indeed, the evidence that Chen submitted focused almost exclusively on incidents where CDP members were prosecuted for advocating democracy while present in China, and did not support the conclusion that CDP members returning to China were persecuted for their CDP-related activities in the United States.

Although one article that Chen submitted references the alleged arrest and 12–hour detention of a CDP member upon her return to China from the United States, the BIA reasonably found that the article did not establish that she was persecuted because of her CDP-related activities in the United States. The article neither identified the source of the information nor stated whether the CDP member was mis-

treated while in custody or was charged with any criminal offense. The BIA did not abuse its discretion insofar as it concluded that, in the absence of other supporting evidence, the article alone was insufficient to establish materially changed country conditions. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 341–42 (2d Cir.2006) (emphasizing that the weight afforded to documentary evidence "lies largely within the discretion of the [agency]" (internal quotation omitted)).

As for Chen's argument that the BIA failed to explicitly consider all of the evidence of changed country conditions he submitted, the record reflects that the BIA reasonably considered the evidence in making its findings. *See Wei Guang Wang,* 437 F.3d at 275 (the BIA need not "expressly parse or refute on the record each individual argument or piece of evidence offered" (internal quotation omitted)). Under these circumstances, and because Chen failed to identify any significant documents that the BIA failed to consider, the BIA did not err in finding that Chen failed to demonstrate changed country conditions sufficient to excuse the untimeliness of his motion to reopen. Moreover, because the BIA reasonably denied Chen's motion to reopen as untimely, contrary to his argument, it was not required to consider his eligibility for CAT relief. *Cf.* 8 C.F.R. § 1208.18(b)(2).

Finally, as Chen is under a final order of deportation and did not file a timely motion to reopen or demonstrate changed country conditions excusing the untimeliness of his motion, the BIA did not err in concluding that he was not eligible to file a successive asylum application based solely on his changed personal circumstances.

*See Yuen Jin v. Mukasey,* 538 F.3d 143, 156 (2d Cir.2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).